[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The essential facts in this case are not in dispute. The plaintiff, Eileen Pierce hereinafter "the Plaintiff," gave birth to a child, Erica, born on October 28, 1985. A judgment of paternity was entered against the defendant, Joseph Martines hereinafter "the Defendant," on January 31, 1991. A temporary order was entered at that time in the amount of $106.00 with the case being continued to February 28, 1991 for a hearing on the arrearage due to the state Lifshitz, FSM.
The parties, by their respective counsel, have attempted to frame the issues of this case. However, the most salient question raised by the parties is whether a Family Support Magistrate should substitute his or her judgment for that of a commission legally constituted by the state legislature.
The Supreme Court of Connecticut has written that: "Under our constitution the General Assembly is vested with full authority to order the affairs of the state. . . ." State v. Clemente, 166 Conn. 501, 545 (1974). Because the members of the General Assembly are popularly elected they bear the responsibility for ". . . weighing competing public policy considerations." Supra at 546. The state legislature may give broad powers to commissions and should not be expected to become bogged down in the minutiae of each specific situation. Bottone v. Westport,209 Conn. 652, 670 (1989); and Aunt Hack Ridge Estates, Inc. v. Planning Commission, 160 Conn. 109, 115 (1970). The courts may only intrude when the acts or decisions of a commission are claimed to be unconstitutional or otherwise are arbitrary or unreasonable. Teuscher v. Zoning Board of Appeals, 154 Conn. 650, 659 (1967).
In the instant case the Defendant has made no claim of unconstitutionality; nor has the Defendant claimed that the Commission for Child Support Guidelines has acted arbitrarily or unreasonably. The Defendant wants this Magistrate's Court to consider as income to the Plaintiff all the benefits received by the Plaintiff from the state or federal governments over and above the flat AFDC grant. CT Page 3450 The Commission for Child Support Guidelines has refused to consider those items enumerated by the Defendant as income received by the Plaintiff. This Family Support Magistrate refuses to substitute his judgment for that of the Commission.
On January 31, 1991, the Court made a finding that the Defendant's net income was $444.00, Lifshitz, FSM. Based upon that finding, the undersigned orders the Defendant is ordered to pay $26.00 per week on the arrearage owed to the state. An immediate automatic wage withholding is ordered issued. These orders are effective immediately.
Ronald M. Sullivan Family Support Magistrate